Fill in this information to identify your case:

Debtor 1  **Joseph Gary Topa**
First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the:   **NORTHERN DISTRICT OF OHIO**

Case number:  **20-60922**
(If known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$602** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
■ Other (specify method of payment):
**Debtor will pay through TFS. Debtor has already filed a Motion which has been approved by the Court.**

**2.3 Income tax refunds.**

| Debtor | Joseph Gary Topa | Case number | 20-60922 |
|---|---|---|---|

*Check one.*
- ☐ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ■ Debtor(s) will treat income refunds as follows:
  **Debtors will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term -- if and only if the tax refunds for that year are over $2,000.**

**2.4 Additional payments.**
  *Check one.*
  - ■ **None***. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**36,120.00**.

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

  *Check one.*
  - ■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

  - ■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

  *Check one.*
  - ■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

*Check one.*
  - ■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

  *Check one.*
  - ■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**3,612.00**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

  *Check one.*
  - ■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

| Debtor | Joseph Gary Topa | Case number | 20-60922 |
|---|---|---|---|

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $      .
- ■ __100.00__ % of the total amount of these claims, an estimated payment of $__32,496.70__.
- ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__1,050.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*
- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.
- ■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

---

**Part 6:** **Executory Contracts and Unexpired Leases**

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.
- ■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

**Part 7:** **Vesting of Property of the Estate**

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- ■ plan confirmation.
- ☐ entry of discharge.
- ☐ other: _____

---

**Part 8:** **Nonstandard Plan Provisions**

**8.1** **Check "None" or List Nonstandard Plan Provisions**
- ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**1. No provision in this plan is intended to waive any of the debtors' rights under any state or Federal law, including any counterclaims that the debtors may have or any other reason the debtors may have to object to allowance of a claim, in whole or in part.**

| Debtor | Joseph Gary Topa | Case number | 20-60922 |
|---|---|---|---|

**2. All creditors must file Proofs of Claim in order to receive a distribution from the trustee. Any creditor that receives notice of the case but fails to file a TIMELY Proof of Claim will not receive a distribution and the claim will be discharged without payment.**

## Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X **/s/ Joseph Gary Topa**
**Joseph Gary Topa**
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on **July 29, 2020**

Executed on _____

X **/s/ Deborah L Mack**
**Deborah L Mack**
Signature of Attorney for Debtor(s)

Date **July 29, 2020**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Joseph Gary Topa** | Case number | **20-60922** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $3,612.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $32,496.70 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | **$36,108.70** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO (CANTON)**

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-60922 |
| | * | CHAPTER 13 |
| JOSEPH GARY TOPA, | * | JUDGE RUSS KENDIG |
| | * | |
| Debtor. | * | **CERTIFICATE OF SERVICE FOR** |
| | * | **THE CHAPTER 13 PLAN** |
| | * | |

I certify that on July 29, 2020, a true and correct copy of the Amended Plan and Notice were served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **United States Trustee** (Registered Address)
- **Dynele L Schinker-Kuharich** (Registered Address)

And via regular postage prepaid US Mail to the following:

- Joseph Topa
  210 Wilmar
  Mansfield, OH 44903

- All creditors contained in the attached mailing matrix.

Respectfully submitted,

/s/Deborah L. Mack  #0067347
Attorney Deborah L. Mack, JD/MBA 53 E Main St, Lexington, OH 44904 T: 419.884.4600
F: 800.410.3620
E: debbie@ohiofinancial.lawyer
Attorney for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-6<br>Case 20-60922-rk<br>Northern District of Ohio<br>Canton<br>Tue Jun  9 07:27:53 EDT 2020 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | United States Bankruptcy Court<br>Ralph Regula U.S. Courthouse<br>401 McKinley Avenue SW<br>Canton, OH 44702-1745 |
| Advantage Credit Union Inc<br>700 N Stumbo Rd<br>Mansfield, OH 44906-1279 | Arbors of Mifflin<br>1600 Crider Rd<br>Mansfield, OH 44903-8524 | Barclays Bank Delaware<br>Attn: Bankruptcy<br>PO Box 8801<br>Wilmington, DE 19899-8801 |
| Barclays Bank Delaware<br>P.o. Box 8803<br>Wilmington, DE 19899-8803 | Capital One<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One<br>Po Box 30253<br>Salt Lake City, UT 84130-0253 |
| Capital One Walmart<br>PO Box 4069<br>Carol Stream, IL 60197-4069 | Capital One buy power card<br>PO Box 4069<br>Carol Stream, IL 60197-4069 | Central Ohio Primary Care<br>655 Africa Rd<br>Westerville, OH 43082-9808 |
| Commenity Capital Bank<br>PO Box 51319<br>Los Angeles, CA 90051-5619 | Commerce Bank<br>811 Main Street<br>10th Floor, KCBC-10<br>Kansas City, MO 64105-2005 | Commerce Bank<br>P O Box 411036<br>Kansas City, MO 64141-1036 |
| Community Medical Service<br>25400 West Eight Mile Rd<br>Southfield, MI 48033-3866 | Credit One Bank<br>PO Box 60500<br>City of Industry, CA 91716-0500 | Credit One Bank<br>PO Box 98878<br>Las Vegas, NV 89193-8878 |
| Department Store National Bank/Macy's<br>Po Box 8218<br>Mason, OH 45040-8218 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Financial<br>Attn: Bankruptcy<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Fresenius Kidney Care<br>647 Bally Row<br>Mansfield, OH 44906-2967 | HELP Financial Corp<br>PO Box 6408<br>Plymouth, MI 48170-8408 |
| Home Depot Credit Svc/Synchony<br>PO Box 9001010<br>Louisville, KY 40290-1010 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Macy's<br>PO Box 78008<br>Phoenix, AZ 85062-8008 |
| Mansfield Stark Summit<br>PO Box 6183<br>Hermitage, PA 16148-0922 | Merrick Bank/CardWorks<br>Attn: Bankruptcy<br>PO Box 9201<br>Old Bethpage, NY 11804-9001 | Merrick Bank/CardWorks<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 |

| | | |
|---|---|---|
| Monroe and Main<br>1112 7th Ave<br>Monroe, WI 53566-1364 | National Bank/Macy's<br>Attn: Bankruptcy<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | Ohio Kidney Associates<br>929 Jasonway Ave<br>Columbus, OH 43214-2464 |
| (p)PHOENIX FINANCIAL SERVICES LLC<br>PO BOX 361450<br>INDIANAPOLIS IN 46236-1450 | Synchrony Bank/ JC Penneys<br>Attn: Bankruptcy<br>PO Box 965064<br>Orlando, FL 32896-5064 | Synchrony Bank/ JC Penneys<br>Po Box 965007<br>Orlando, FL 32896-5007 |
| Synchrony Bank/Lowes<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Lowes<br>Po Box 956005<br>Orlando, FL 32896-0001 | Deborah L. Mack<br>53 E Main Street<br>Lexington, OH 44904-1224 |
| Dynele L Schinker-Kuharich<br>Office of the Chapter 13 Trustee<br>200 Market Avenue North, Ste. LL30<br>Canton, OH 44702-1435 | Joseph Gary Topa<br>210 Wilmar Ave<br>Mansfield, OH 44903-2434 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Discover Financial<br>Pob 15316<br>Wilmington, DE 19850 | Pheonix Financial Services<br>8902 Otis Ave<br>Ste 103 A<br>Indianapolis, IN 46216 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients    40<br>Bypassed recipients   1<br>Total                     41 |