**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:18 PM September 24, 2020**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 13 Proceedings** |
| **Joseph Gary Topa,** | : | **Case No.: 20-60922** |
| | : | **Judge Russ Kendig** |
| **Debtor.** | | |

### ORDER CONFIRMING PLAN

The Chapter 13 First Amended Plan in this case filed as attached came on for Confirmation at a hearing before the Court. Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by Debtor (or Debtors in a joint case) (the "Debtor"), Debtor's Counsel, any Objections or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed in all respects not contrary to prior or subsequent orders of the Court.
2. The Debtor shall not incur additional debt exceeding $500.00 in the aggregate without notice to the Trustee and the approval of the Court.
3. The Debtor shall not transfer any interest in real property without the Court's approval.

4. All property of the estate scheduled in accordance with Bankruptcy Rule 1007(h), vest in the debtor(s) pursuant to 11 USC Section 1327(b). All property of the estate that is not properly scheduled or any property that is acquired subsequent to the filing of the petition does not vest to the debtor(s) and remains property of the estate unless Court ordered.

5. The Attorney for the Debtor is allowed a total fee of **$BY FEE APPLICATION** of which **$$3,900.00** has been paid. The balance will be paid pursuant to the Court's administrative order regarding Attorney fees.

6. Interest shall be paid to non-governmental creditors with a valid security interest in personal property belonging to Debtor(s) at the Presumptive Interest Rate calculated in accordance with Administrative Order No. 17-2, or at the rate as indicated in a validly filed proof of claim, whichever is less. This section shall not apply to any creditor who has obtained a separate Order from this Court regarding the applicable interest rate on its claim.

###

**Approved By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Deborah L. Mack, Counsel for Joseph Gary Topa, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Joseph Gary Topa, Debtor, via regular mail at:
210 Wilmar Avenue
Mansfield, OH 44903

| Debtor 1 | Joseph Gary Topa | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | NORTHERN DISTRICT OF OHIO | |
| Case number: (If known) | 20-60922 | | |

■ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

**$602** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
■ Other (specify method of payment):
**Debtor will pay through TFS. Debtor has already filed a Motion which has been approved by the Court.**

2.3 Income tax refunds.

APPENDIX D                                        Chapter 13 Plan                                        Page 1
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

20-60922-rk    Doc 21    FILED 07/29/20    ENTERED 07/29/20 06:41:49    Page 1 of 8
20-60922-jpg   Doc 36    FILED 09/24/20    ENTERED 09/25/20 07:55:26    Page 4 of 10

*Check one.*
- ☐ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ■ Debtor(s) will treat income refunds as follows:
  **Debtors will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term -- if and only if the tax refunds for that year are over $2,000.**

**2.4 Additional payments.**
*Check one.*
- ■ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**36,120.00**.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
- ■ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- ■ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
- ■ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** Lien avoidance.

*Check one.*
- ■ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** Surrender of collateral.

*Check one.*
- ■ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**3,612.00**.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

**4.4** Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*
- ■ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

Official Form 113                                 **Chapter 13 Plan**                                         Page 2
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

20-60922-rk   Doc 21   FILED 07/29/20   ENTERED 07/29/20 06:41:49   Page 2 of 8
20-60922-jpg  Doc 36   FILED 09/24/20   ENTERED 09/25/20 07:55:26   Page 5 of 10

**4.5**   **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*
   ☒   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1**   **Nonpriority unsecured claims not separately classified.**

   Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
   ☐   The sum of $ _____ .
   ☒   **100.00** % of the total amount of these claims, an estimated payment of $ **32,496.70** .
   ☐   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

   *See Docket No. 34 Order dated 9/14/2020*

   If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **1,050.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

   ☒   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**   **Other separately classified nonpriority unsecured claims.** *Check one.*

   ☒   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

**6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

   ☒   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:  Vesting of Property of the Estate

**7.1**   **Property of the estate will vest in the debtor(s) upon**
   *Check the appliable box:*
   ☒   plan confirmation.
   ☐   entry of discharge.
   ☐   other: _____

### Part 8:  Nonstandard Plan Provisions

**8.1**   **Check "None" or List Nonstandard Plan Provisions**
   ☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
1. No provision in this plan is intended to waive any of the debtors' rights under any state or Federal law, including any counterclaims that the debtors may have or any other reason the debtors may have to object to allowance of a claim, in whole or in part.

Official Form 113                         Chapter 13 Plan                              Page 3
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

20-60922-rk  Doc 21  FILED 07/29/20  ENTERED 07/29/20 06:41:49  Page 3 of 8
20-60922-jpg  Doc 36  FILED 09/24/20  ENTERED 09/25/20 07:55:26  Page 6 of 10

| Debtor | Joseph Gary Topa | Case number | 20-60922 |
|---|---|---|---|

2. All creditors must file Proofs of Claim in order to receive a distribution from the trustee. Any creditor that receives notice of the case but fails to file a TIMELY Proof of Claim will not receive a distribution and the claim will be discharged without payment.

## Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X /s/ Joseph Gary Topa
Joseph Gary Topa
Signature of Debtor 1

Executed on July 29, 2020

X /s/ Deborah L Mack
Deborah L Mack
Signature of Attorney for Debtor(s)

X _____
Signature of Debtor 2

Executed on _____

Date July 29, 2020

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Official Form 113     Chapter 13 Plan     Page 4
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

20-60922-rk    Doc 21    FILED 07/29/20    ENTERED 07/29/20 06:41:49    Page 4 of 8
20-60922-jpg    Doc 36    FILED 09/24/20    ENTERED 09/25/20 07:55:26    Page 7 of 10

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $3,612.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $32,496.70 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*  + | $0.00 |
| | **Total of lines a through j** | $36,108.70 |

Official Form 113                               Chapter 13 Plan                               Page 5
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

20-60922-rk   Doc 21   FILED 07/29/20   ENTERED 07/29/20 06:41:49   Page 5 of 8
20-60922-jpg  Doc 36   FILED 09/24/20   ENTERED 09/25/20 07:55:26   Page 8 of 10

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



*Russ Kendig*
United States Bankruptcy Judge

Dated: 10:47 AM September 14, 2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 Proceedings |
| Joseph Gary Topa, | : | Case No.: 20-60922 |
| Debtor. | : | Judge Russ Kendig |

## AGREED ORDER SETTLING TRUSTEE'S OBJECTION
## TO CONFIRMATION OF PLAN

This matter is before the Court on Trustee's Objection to Confirmation of the Chapter 13 Plan. Parties have agreed to the following:

To resolve the disposable income and good faith issues, the dividend paid to the general unsecured creditors shall not be less than 100% plus 2.75% interest.

THEREFORE, IT IS THE ORDER OF THIS COURT that the Plan of the Debtors is amended as stated above.

###

**Approved By:**

/s/ Deborah L. Mack
Deborah L. Mack, Attorney for Debtors


**Submitted By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com


**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Deborah L. Mack, Counsel for Joseph Gary Topa, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Joseph Gary Topa, Debtor, via regular mail at:
210 Wilmar Avenue
Mansfield, OH 44903