The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: March 24 2023

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION – CANTON

| | | |
|---|---|---|
| In Re: | ) | Case No. 20-60922 |
| | ) | |
| Joseph Gary Topa, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge John P. Gustafson |

## ORDER ON APPLICATION FOR COMPENSATION

This matter comes before the court upon the *New Application for Compensation* ("Application") filed by Deborah L. Mack ("Applicant"), counsel for Joseph Gary Topa ("Debtor"), on October 10, 2022. [Doc. #56]. Dynele L. Schinker-Kuharich, Standing Chapter 13 Trustee ("Trustee"), filed an *Objection to Application for Allowance of Attorney Fees* ("Objection") on October 31, 2022. [Doc. #63].

## FACTS

On May 26, 2020, Debtor filed his Chapter 13 case.[1] [Doc. #1]. Applicant's Disclosure of Compensation, filed as part of the initial filings, indicates Applicant received $3,900.00 prior

---

1/ The court takes judicial notice of the contents of its case docket. *See e.g., Irons v. Maginnis* (*In re Irons*), 572 B.R. 877, 881 n.1 (Bankr. N.D. Ohio 2017).

to filing. [Doc. #1, p. 53]. Applicant was not eligible to use the "no look" fees provided by Administrative Order 19-06 because Applicant received the entire fee of $3,900.00 prior to filing.

On June 11, 2020, after the petition was filed, Debtor filed the *Rights and Responsibilities of Chapter 13 Debtors and their Attorneys*. [Doc. #14].

On September 24, 2020, the court confirmed the First Amended Plan and ordered that Applicant is allowed a total fee by fee application of $3,900.00. [Doc. #36, p. 2].

On August 11, 2022, Applicant filed an Application for Compensation. [Doc. #39]. This Application for Compensation sought allowance of $3,900.00 for representing Debtor in this case.

On September 29, 2022, the court denied the Application for Compensation for two reasons. [Doc. #44]. First, Trustee lacked funds to pay the fees. Second, Applicant had not filed certain documents for Debtor to obtain a discharge.

On September 30, 2022, the parties were notified that this case will be transferred from Judge Kendig to Judge Gustafson effective October 1, 2022. [Doc. #54].

On October 4, 2022, Debtor filed an *Amended Motion to Extend Time* to delay closure of the case in order for Debtor to complete and file Debtor's Certification Regarding Domestic Support Obligations and Certification and Motion for Entry of Discharge. [Doc. #49]. On October 4, 2022, the court entered an Order that this case shall not close until October 13, 2022. [Doc. #50]. On October 4, 2022, Debtor filed the *1328(h) Certification and Motion for Entry of Discharge*. [Doc. #51]. On October 4, 2022, Debtor filed *Debtor's Certification of Domestic Support Obligation*. [Doc. #52].

On October 10, 2022, Applicant filed the Application. [Doc. #56]. The Application emphasized that the fee of $3,900.00 was paid at the time of filing. [*Id.*, p. 1]. Further, Applicant argued that the Application merely requests an allowance since Applicant did not request Trustee

2

to pay any fees. [*Id.*, p. 2]. Lastly, Applicant stated she filed the necessary documents for Debtor to obtain a discharge. [*Id.*].

On October 31, 2022, Trustee filed her Objection. [Doc. #63]. Trustee's Objection is essentially three-fold. First, Trustee argues Applicant neither moved for reconsideration of the order denying her Application for Compensation or filed an appeal of such order and instead filed a subsequent application after filing the documents necessary for Debtor to obtain a discharge. [*Id.*, pp. 1–2]. Second, Trustee argues Applicant did not submit a detailed itemization in regard to the services provided. [*Id.*]. Lastly, Trustee notes that Applicant exaggerated certain facts in her *Amended Motion to Extend Time* and this court should not award Applicant fees because of her belated actions to rectify a situation she created. [*Id.*, p. 2]. Trustee requests that this court issue a refund in the amount of $3,900.00 to Debtor.

On November 7, 2022, Applicant filed supporting documentation itemizing expenses and fees incurred in this case. [Doc. #66]. The descriptions for some services state, without additional meaningful descriptions: "telephone conference" or "telephonic conference with client," "scan," "research," "receive & review," "review file," "prepare file," "client office conference," "draft," and "draft court documentation."

On November 16, 2022, this case came before the court for hearing on the Application. Applicant, Trustee, and the U.S. Trustee appeared.

## **LAW AND ANALYSIS**

Compensation awards are authorized under 11 U.S.C. §330, which provides, in part, for "reasonable compensation for actual, necessary services" rendered by professionals and "reimbursement for actual, necessary expenses." §330(a)(1)(A) and (B). A court may cancel an agreement or order return of any payment for attorney services when the court determines that the "compensation exceeds the reasonable value of any such services." *Id.* §329(b).

3

The starting point for calculating "reasonable compensation" is the lodestar method, which is done by "multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991)(citation omitted). The lodestar amount is subject to upward or downward adjustment. *See*, *Geier v. Sundquist*, 372 F.3d 784, 793 (6th Cir. 2004). The "bankruptcy court must expressly discuss the amounts that are not supported by the application and provide a reasoning to support the court's decision." *In re Williams*, 357 B.R. 434, 439 (B.A.P. 6th Cir. 2007). An applicant bears the burden of demonstrating their entitlement to the requested fees and documentation of hours worked and hourly rates. *In re Newman*, 270 B.R. 845, 847 (Bankr. S.D. Ohio 2001).

Additionally, this district has adopted Guidelines for Compensation and Expense Reimbursement of Professionals ("Guidelines"). *See,* Local Bankruptcy Rule 2016-1. These requirements were first effective as an administrative order on November 8, 1988. *See*, *In re Revco D.S., Inc.*, 126 B.R. 741, 752 (Bankr. N.D. Ohio 1991). The introductory paragraph of the Guidelines states:

> The following Guidelines govern applications for compensation and expense reimbursement. The Guidelines cover the narrative portions of applications, time records and expenses. Except as otherwise provided, the Guidelines apply to professionals generally including lawyers, . . .

As Judge Kendig noted more than a decade ago: "There are clear guidelines for fee applications adopted in this district which Counsel is obligated to follow." *In re Stark Ceramics, Inc.*, 2012 WL 1073118 at *6, 2012 Bankr. LEXIS 1329 at *17 (Bankr. N.D. Ohio March 29, 2012).

Upon review of the Application, the time entries are vague and do not adequately describe what matters Applicant was involved in and what services Applicant performed relating to those descriptions. As a general rule, counsel has a duty to fully explain the nature of the services

4

rendered. *See*, *In re Pochron*, 2022 WL 1085459 at *9, 2022 Bankr. LEXIS 1041 at *26 (Bankr. S.D. Ohio Apr. 8, 2022).  Additionally, the Guidelines provide that "time entries shall identify the person who performed the services, the date performed, matter involved and services rendered. Mere notations of telephone calls, conferences, research, drafting, etc., without appropriately identifying the matter involved, may result in disallowance of the applicable time.  Time entries with unexplained abbreviations may be disallowed.  If computer time sheets are submitted, an appropriate key shall be provided to facilitate review." *See also*, *In re Pochron*, 2022 WL 1085459 at *9, 2022 Bankr. LEXIS 1041 at *26 ("Time entries that do not provide sufficient detail to determine whether the services described are compensable may be disallowed due to vagueness.").

Here, many entries summarily state "telephonic conference with client" without sufficient detailed information to allow the court to identify the matter involved, or determine whether the time spent on the specific task was reasonable.  These entries that simply state "telephonic conference with client" for communications made with Debtor do not provide the kind of specific information a bankruptcy court needs to review the propriety of the time spent under the lodestar method. *See*, *In re Stark Ceramics, Inc*., 2012 WL 1073118 at *4, 2012 Bankr. LEXIS 1329 at *12 ("These entries are virtually meaningless and therefore it is impossible to determine if the time spent is reasonable.")

Accordingly, based on the Application, Applicant has not met their burden of entitlement to compensations because Applicant has failed to clearly identify, describe, and explain the services charged so that this court is able to evaluate the reasonableness of the compensation requested.  Although this court recognizes that Applicant stated at the hearing on November 16th that she had many communications with Debtor, which were likely for legitimate services, she has not met her burden of justifying some of the requested fees because this court is unable to evaluate

5

20-60922-jpg    Doc 70    FILED 03/24/23    ENTERED 03/27/23 07:57:17    Page 5 of 7

the reasonableness of the compensation requested for the matter involved and services rendered based on Applicant's time entries.

If strictly evaluated under the Guidelines, the amount of allowable compensation would have to be reduced to a level below the amount allowed by this Order. However, unlike Chapter 11 cases, there is a routine aspect to Chapter 13 cases. The majority of bankruptcy courts recognize this aspect of Chapter 13 practice through the use of "presumptively reasonable fees" or "no-look fees." In this case, even though counsel is proceeding on her fee application, the court will look at the results achieved – a confirmed, completed Chapter 13 Plan – and will not simply strike every fee entry that does not comply with the Guidelines. The court is under no obligation to take this ameliorative approach in cases that arise after this decision.

Accordingly, Applicant shall be allowed a total fee in the amount of $2,653.00 for representation of Debtor in this Chapter 13 bankruptcy case and expenses in the amount of $347.00. Applicant is to disgorge to Debtor $900.00 of the $3,900.00 attorney fee paid prior to filing. Applicant is to file proof of the $900.00 disgorgement (by affidavit) within 21 days from the date of this order.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the Application for Compensation is granted in part and denied in part and that Applicant be, and hereby is, awarded $2,653.00 for representation of Debtor and expenses in the amount of $347.00.

**IT IS FURTHER ORDERED** that Attorney Deborah L. Mack must disgorge to Debtor Joseph Gary Topa $900.00 of the total $3,900.00 attorney fee.

**IT IS FURTHER ORDERED** that Attorney Deborah L. Mack file proof of the $900.00 disgorgement (by affidavit) within 21 days from the date of this order.

###

20-60922-jpg    Doc 70    FILED 03/24/23    ENTERED 03/27/23 07:57:17    Page 7 of 7